IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKE McCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-350-M |
| ) | |
| EXPRESS ENERGY SERVICES CT, LP; ) | |
| EXPRESS ENERGY SERVICES GP, LLC; ) | |
| EXPRESS ENERGY SERVICES ) | |
| OPERATING, LP, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is plaintiff's Motion to Remand, filed April 6, 2009. On April 24, 2009, defendants filed their response, and on May 5, 2009, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

On February 23, 2009, plaintiff filed the instant action against defendants in the District Court of Garvin County, Oklahoma, alleging breach of contract and fraud. On April 1, 2009, defendants removed this action to this Court on the basis of diversity jurisdiction. Plaintiff contends that complete diversity of the parties does not exist as defendant Express Energy Services CT, LP ("CT") has its principal place of business in Oklahoma and moves this Court to remand this action to state court. In response, defendants assert that CT was fraudulently joined in this case, that its presence in this lawsuit should be ignored for purposes of determining diversity jurisdiction, and that this matter should not be remanded to state court.

Removal statutes are strictly construed and all doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). When a non-diverse party has been joined as a defendant, then in the absence of a federal question,

the removing defendant may avoid remand only by demonstrating fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The party asserting fraudulent joinder carries a heavy burden in making this showing. *Batoff*, 977 F.2d at 851; *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000).[1]

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (internal quotations and citations omitted). If there is even a possibility that a state court would find the complaint states a cause of action against the non-diverse defendant, the federal court must find joinder was proper and remand the case to state court. *Batoff*, 977 F.2d at 851; *Montano*, 2000 WL 525592, at *1. In determining fraudulent joinder claims, the court must resolve all disputed questions of fact and any uncertainties as to the current state of controlling substantive law in favor of the non-removing party. *Batoff*, 977 F.2d at 852; *Montano*, 2000 WL 525592, at *1.

Defendants assert CT is fraudulently joined because plaintiff's Petition fails to state a cause of action against CT because (1) CT was not a party to the employment contract that plaintiff claims was breached; (2) CT was not a legal entity when the contract was executed, and (3) CT was not a legal entity at the time the alleged fraud occurred. In his reply, plaintiff does not address defendants' argument.

In order to recover on his breach of contract claim against CT, plaintiff must prove: (1) the formation of a contract between him and CT; (2) breach of that contract; and (3) damages as a direct result of the breach. *Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla.

---

[1] Unpublished case cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

```
```
Removed

2001). Because it is undisputed that CT was not a legal entity when the employment contract at issue in this case was formed, the Court finds that there is no possibility that plaintiff could prove the formation of a contract between him and CT, an essential element of his breach of contract claim against CT. The Court, thus, finds that plaintiff's Petition fails to state a breach of contract claim against CT.

In order to recover on his fraud claim against CT, plaintiff must prove: (1) CT made a material representation that was false; (2) CT knew when it made the representation that it was false; (3) CT made it with the intention that it should be acted upon by plaintiff; and (4) plaintiff acted in reliance upon it and thereby suffered detriment. *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 176-77 (Okla. 1988). In his Petition, plaintiff alleges that on or about April 2006, defendants made material false statements to him in order to lure him away from his previous employment. Because it is undisputed that CT was not a legal entity when these alleged false statements were made, the Court finds that there is no possibility that plaintiff could prove that CT made the alleged material false representations. The Court, therefore, finds that plaintiff's Petition fails to state a fraud claim against CT.

Because the Court has found there is no possibility that plaintiff will be able to establish either his breach of contract claim or his fraud claim against CT, the Court finds CT is fraudulently joined in this action. Because CT has been fraudulently joined, its citizenship for purposes of determining the removability of this action should be ignored. Therefore, the Court finds there is diversity among the parties and the amount in controversy exceeds $75,000. The Court, thus, finds it has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and finds this action was properly removed under 28 U.S.C. § 1441(a).

Accordingly, the Court DENIES plaintiff's Motion to Remand [docket no. 7].

**IT IS SO ORDERED this 1st day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE